IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
................................................ X
                                                  )
In re:                                            )   Chapter 11
                                                  )   Case No. 12-33788
                                                  )   Honorable Daniel S. Opperman
RICHFIELD EQUITIES, L.L.C.,                       )
   a Michigan limited liability company,          )   Jointly Administered
                                                  )
                                    Debtors.      )
                                                  )
................................................ X
```

**RESPONSE OF GREENWICH INSURANCE COMPANY TO
MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR
ENTRY OF: (I) A "SALE PROCEDURES ORDER" (A) APPROVING
BIDDING PROCEDURES FOR THE SALE OF CERTAIN OF THE DEBTORS'
ASSETS, (B) APPROVING CERTAIN BIDDING PROTECTIONS, (C) APPROVING
THE FORM AND MANNER OF NOTICE OF THE BIDDING PROCEDURES
HEARING, THE AUCTION AND THE SALE HEARING, (D) APPROVING THE
FORM AND MANNER OF NOTICE OF THE ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (E) SCHEDULING
AN AUCTION AND THE SALE HEARING; AND (II) A "SALE APPROVAL ORDER"
AUTHORIZING (A) THE SALE OF SUCH ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES, AND (B) THE ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES (Halton Sale)**

Greenwich Insurance Company ("Greenwich"), by and through its undersigned counsel, hereby submits its response (the "Response") to the *Motion of the Debtors and Debtors in Possession for Entry of: (I) A "Sale Procedures Order" (A) Approving Bidding Procedures for the Sale of Certain of the Debtors' Assets, (B) Approving Certain Bidding Protections, (C) Approving the Form and Manner of Notice of the Bidding Procedures Hearing, the Auction and the Sale Hearing, (D) Approving the Form and Manner of Notice of the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (E) Scheduling an Auction and the Sale Hearing; and (II) A "Sale Approval Order" Authorizing (A) the Sale of Such Assets Free and Clear of Liens, Claims and Encumbrances, and (B) the Assumption and Assignment of*

*Executory Contracts and Unexpired Leases (Halton Sale)* [Docket No. 109] (the "Sale Motion") filed by Richfield Equities, L.L.C., Richfield Landfill, Inc., Richfield Management, L.L.C., Inc., and Waste Away Disposal, L.L.C. f/k/a Richfield Capital, L.L.C. (together, the "Debtors"). In support hereof, Greenwich respectfully states as follows:

## I.
## INTRODUCTION

1. Greenwich provides Closure/Post-Closure insurance for the Cove Landfill[1] owned and operated by the Debtors. The Cove Landfill is among the Sale Assets that the Debtors propose to sell to Halton Recycling Ltd. ("Halton"). Greenwich does not object *per se* to the Debtors' sale of the Cove Landfill or other Sale Assets to Halton. However, it is within Greenwich's sole and absolute discretion to decide whether to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets), and to determine the premium to be charged and the security required for such insurance.

2. Furthermore, any agreement by Greenwich to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets) is contingent upon the Michigan Department of Environmental Quality's ("MDEQ") approval of the Proposed Sale and confirmation that the issuance of a new Closure/Post-Closure policy to Halton (or another bidder for the Sale Assets) satisfies the buyer's obligation to provide a financial assurance mechanism to guaranty payment of closure and post-closure care obligations with respect to the Cove Landfill.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Sale Motion or the Asset Purchase Agreement attached thereto.

## II.
## BACKGROUND

A. **The Cove Landfill and the Closure/Post Closure Policy**

3. The Debtors own and operate the Cove Landfill. Various state and federal regulations, including regulations enforced by the MDEQ, require the Debtors to provide a financial assurance mechanism to guaranty the payment of closure and post-closure care obligations for the Cove Landfill. These obligations include the closing and sealing of the Cove Landfill to ensure that waste dumped at the Cove Landfill does not contaminate ground water or release methane gas in a harmful manner.

4. On November 17, 2011, Greenwich issued a Closure/Post-Closure Policy (Policy No. PEC001285609) (the "Policy") to Richfield Equities, LLC ("Richfield"). A copy of the Policy is attached hereto as Exhibit A. In connection with Greenwich's issuance of the Policy, Richfield paid Greenwich the annual policy premium in the amount of $156,545, executed a guaranty in favor of Greenwich with respect to claim payment amounts and any and all other amounts due and payable by Greenwich under the Policy (the "Guaranty"), and arranged for the issuance of an Irrevocable Letter of Credit (No. 631543-04) by Comerica Bank in the amount of USD $770,000.00 for the benefit of Greenwich (the "LOC").

5. The Policy expires on November 17, 2012, at which time the annual premium for any renewal period must be paid. The Policy provides that:

> "[Greenwich] shall not cancel, terminate or fail to renew the coverage provided herein except for failure to pay the full premium …. [Greenwich] shall notify the [Debtors] and the [MDEQ] of its intent to cancel, terminate or not to renew by sending, by certified mail, to the [Debtors] at the address shown in this Policy and to the [MDEQ]. Written notice stating the date not less than 120 days thereafter beginning with the date of receipt of the notice by both the [MDEQ] and the [Debtors], as evidenced by the return receipt, provided, however, that no cancellation shall become effective,

and all the [Debtors'] obligations under the Policy shall continue, including its obligations to pay premium, maintain collateral, and under the Deductible Coverage and Reimbursement Agreement, until the Regulatory Body approves of the cancellation and authorizes the [Debtors] and [Greenwich] to release coverage on the locations specified in Item 5 of the Declarations."

Policy, Endorsement # 002.

As of the date of this Response, Greenwich has not sent the Debtors or the MDEQ notice of cancellation of the Policy. The Policy further provides that it "shall be void if assigned or transferred without the prior written consent of [Greenwich]." Policy, § VII.5.

**B.    The Chapter 11 Cases**

6.    On September 18, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On October 10, 2012, the Office of the United States Trustee formed the official committee of unsecured creditors (the "Committee"). No trustee has been appointed in the Debtors' chapter 11 bankruptcy cases (the "Chapter 11 Cases").

**C.    The Sale Motion and Sale Procedures Order**

7.    On October 16, 2012, the Debtors filed the Sale Motion. The Asset Purchase Agreement between Halton and the Debtors (the "APA") is attached to the Sale Motion as Exhibit 4.

8.    The Sale Motion and the APA contemplate the sale of the Sale Assets, including the Cove Landfill, to Halton. APA, §1.01(b). With respect to the Cove Landfill and the Policy, the APA provides that:

> "Comerica Bank shall pay to [Greenwich] the premium necessary to provide the Buyer with closure and post-closure insurance at the current level ($2,236,355.00) for the continuing operating of the Cove Landfill for a six month period beginning from the Closing Date. During this six month period, Comerica Bank shall also

maintain a Letter of Credit securing the insurance, which letter of Credit shall be maintained at the same level as is currently in place as security for current insurance (i.e., $770,000.00) ("Insurance LOC"). At the end of the six month period, Buyer shall have obtained an alternative financial assurance mechanism to replace the [Greenwich] Insurance, and, upon the earlier of (i) the expiry of the Insurance LOC undrawn or (ii) return of the original Insurance LOC to Comerica Bank undrawn or cancelled, Comerica Bank shall pay to Buyer the full value of the Insurance LOC (i.e., $770,000), minus any draw against the Insurance LOC occurring during the six month period."

APA, § 6.11.

9. The Sale Motion and the APA also contemplate the assumption of certain liabilities (the "Assumed Liabilities") by Halton, including "all liabilities of the [Debtors] in respect of any amounts that may become due and payable to the Michigan Department of Environmental Quality after [sic] for Closure and Post-Closure Costs of the Cove Landfill pursuant to an approved Closure and Post-Closure Plan." APA, § 1.03(b).

10. On October 24, 2012, the Court entered its *Order (A) Approving and Authorizing Bidding Procedures with Stalking Horse and Bid Protections In Connection With the Sale of the Sale Assets; (B) Approving the Form and Manner of Notice of the Sale By Auction and Sale Hearing; and (C) Scheduling the Sale Hearing and Other Related Dates and Deadlines (Halton Sale)* [Docket No. 154] (the "Sale Procedures Order") approving the procedures proposed by the Debtors in connection with the Proposed Sale of the Sale Assets and establishing the following dates and deadlines:

| Date | Event |
| --- | --- |
| November 2, 2012 | Bid Deadline |
| November 2, 2012 | Sale Objection Deadline |
| November 6, 2012 | Auction Date |

November 7, 2012                                                      Sale Hearing

November 9, 2012                                                      Closing Date

## III.
## RESPONSE

11. As stated above, Greenwich does not object *per se* to the Debtors' sale of the Cove Landfill or other Sale Assets to Halton, nor (subject to satisfaction of the following points) does it object to providing Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets). However, Greenwich cannot be required to do so, and it is within Greenwich's sole and absolute discretion to decide whether to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets), and to determine the premium to be charged and the security required for such insurance.

12. First, it is for Greenwich to decide whether to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets). Greenwich's underwriting process with respect to Halton is underway, and at this time Greenwich believes that it will be able to provide the necessary insurance coverage to Halton (subject to satisfaction of the points below). However, Greenwich has yet to be contacted by any other parties concerning a possible bid for the Sale Assets. Accordingly, at this time, Greenwich is unable to declare whether it would even be able to provide Closure/Post-Closure insurance to any other bidder.

13. Second, in the event Greenwich decides to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets), the required annual premium amount will need to be determined by Greenwich's underwriting process. In other words, the annual premium amount will not necessarily be the same as the premium amount most recently paid by the Debtors for the policy period ending November 17, 2012.

14. Third, in the event Greenwich decides to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets), the required security will also need to be determined by Greenwich's underwriting process. Although Greenwich typically would require that an insured provide it with a guaranty and an irrevocable letter of credit from an acceptable issuer, other forms of security may be required, as may an irrevocable letter of credit in an amount greater than the existing LOC.

15. Fourth, the operation of the Cove Landfill is subject to regulation by the MDEQ, which requires that the owner/operator of the Cove Landfill provide a financial assurance mechanism to guaranty the payment of closure and post-closure care obligations. Accordingly, any agreement by Greenwich to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets) is contingent upon the MDEQ's approval of the Proposed Sale and confirmation that the issuance of a new Closure/Post-Closure policy to Halton (or another bidder for the Sale Assets) satisfies the buyer's obligation to provide a financial assurance mechanism to guaranty payment of closure and post-closure care obligations with respect to the Cove Landfill.

16. During its underwriting process for Halton, Greenwich has learned that the Debtors and Halton may seek to structure the sale transaction in such a way that Halton would operate the Cove Landfill under Richfield's license for an undetermined period of time. Subject to Richfield's payment of the annual premium due November 17, 2012, the parties' agreement as to the survival of the Guaranty and the maintenance of the LOC, and the MDEQ's approval of any such operating agreement, Greenwich would be willing to renew the Policy for Richfield for an additional one-year period.

17. Finally, under any circumstances, any agreement by Greenwich to provide Closure/Post-Closure insurance to Halton (or another bidder for the Sale Assets) or to Richfield (under the circumstances described above) is subject to entry of an order approving the Proposed Sale of the Sale Assets that contains terms and conditions relating to the Cove Landfill, the Policy, the Guaranty, the LOC, and/or any new Closure/Post-Closure insurance policy that are acceptable to Greenwich in its sole and absolute discretion.

Dated: November 2, 2012

Respectfully submitted,

CLARK HILL PLC

/s/ Evan J. Feldman
Robert D. Gordon (P48627)
Evan J. Feldman (P73437)
151 S. Old Woodward, Suite 200
Birmingham, MI 48009
Telephone: (248) 642-9692
E-mail: rgordon@clarkhill.com
efeldman@clarkhill.com

-and-

DLA PIPER LLP (US)
Timothy W. Brink
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601
Telephone: (312) 368-6802
Facsimile: (312) 251-2170
E-mail: timothy.brink@dlapiper.com

*Attorneys for Greenwich Insurance Company.*