UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------------- x
In re:                                              )
                                                    )    Chapter 11
**RICHFIELD EQUITIES, L.L.C.,**[1]                  )    Case No. 12-33788
   a Michigan limited liability company,    )    Honorable Daniel S. Opperman
                                                    )
          Debtor.                  )    *Jointly Administered*
------------------------------------------------------------------- x

## DEBTORS' MOTION TO REJECT
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**Richfield Equities, L.L.C.** ("REQ"), **Richfield Landfill, Inc.** ("Landfill"), **Richfield Management, L.L.C., Inc.** ("Management"), and **Waste Away Disposal, L.L.C. f/k/a Richfield Capital, L.L.C.** ("Waste Away" and, together with, REQ, Landfill and Management, the "Debtors"), debtors and debtors-in-possession herein, by and through their counsel, Carson Fischer, P.L.C., hereby move the Court, pursuant to sections 105(a) and 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6006, and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit 1**, authorizing Debtors to sell certain scrap trucks free and clear of liens, claims, encumbrances, and other interests (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C., Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Inc., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.  On September 18, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1531 (the "Bankruptcy Code"). The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.  The Office of the United States Trustee formed the official committee of unsecured creditors on October 10, 2012 (the "Committee"). No trustee has been appointed in the Bankruptcy 11 Cases.

*A.    DEBTORS AND THEIR BUSINESS*

4.  REQ is a limited liability company that directly owns 100% of the ownership interests of each of Richfield Landfill, Inc., a corporation organized under the laws of Michigan ("Landfill"), Richfield Management, L.L.C., a limited liability company organized under the laws of Michigan ("Management"), and Waste Away

Disposal, L.L.C. f/k/a Richfield Capital, L.L.C., a limited liability company organized under the laws of Michigan ("Waste Away").[2]

5. Prior to selling certain of their operating assets, Debtors were a vertically-integrated solid waste collection, transfer, disposal, and recycling company that serviced the southeast, central/mid, and "thumb" regions of Michigan. Debtors' core business provided for (i) landfill operation and (2) collection, transfer and disposal services for municipal solid waste ("MSW")[3]. In addition, Debtors offered commercial services to business establishments and institutions.

6. The Debtors' operations included two (2) landfills, two (2) transfer stations, and collection and hauling operations. The Debtors serve a diverse portfolio of residential, municipal, industrial, and commercial customers.

7. The Debtors' vertical integration strategy allowed the Debtors to control the waste stream from the point of collection through disposal, thereby increasing internalization[4] and profitability. Landfills generally offer attractive operating margins, and the ability to internalize waste created a competitive advantage for the Debtors. By

---

[2] Attached as Exhibit 1 to the *Affidavit of Bernhard Rumbold in Support of Chapter 11 Petitions and First Day Pleadings and Requests* [Docket No. 2] (the "First Day Affidavit") is an organizational chart that shows the relationship among the Debtors.

[3] MSW is non-hazardous and primarily generated by households and consists of everyday items such as product packaging, clothing, food scraps, paper, cardboard, and other non-hazardous refuse.

[4] Internalization is the act of disposing of waste collected by the Debtors at landfills owned by the Debtors.

internalizing waste, the Debtors avoided having to pay others for disposal. Instead, the disposal expense remained within the Debtors' operations, thereby increasing profits.

8.  For the twelve months ending April 30, 2012, the Debtors recorded consolidated gross revenue of approximately 26.1 million and incurred net losses of approximately $2.5 million. The Debtors are projecting consolidated gross revenues of approximately $27.2 million for 2012. The Debtors' consolidated balance sheet shows that as of April 30, 2012, the Debtors had total assets of approximately $37.1 million and total liabilities of approximately $41.8 million.

9.  As of the Petition Date, the Debtors utilized approximately 244 leased employees, comprised of 18 salaried, non-union employees, 36 hourly, non-union employees, and 190 hourly union employees. The Debtors' hourly employees at their hauling operations are represented by the International Brotherhood of Teamsters Local Nos. 332 and 337 (the "<u>Union</u>"). The Collective Bargaining Agreement between Management and the Union expires on February 25, 2014.

## B.  *PRE-PETITION CREDIT FACILITY*

10.  On or about March 29, 2007, REQ entered into a term loan facility and a revolving credit facility, which included the issuance of Letters of Credit utilized by the Debtors in the operation of their businesses, (as amended, supplemented or otherwise modified prior to the commencement of the Case 11 Cases, the "<u>Prepetition Credit Facility</u>", and together with all financing agreements and all other agreements and documents relating to the senior indebtedness and executed prior to the Petition Date, collectively, the "<u>Prepetition Credit Documents</u>")) with Comerica Bank ("<u>Comerica</u>").

11. The obligations under the Prepetition Credit Documents are secured by a security interest in substantially all of the assets of the Debtors and were guaranteed by each of Landfill, Management, and Waste Away, as well as other non-debtor individuals and non-operating entities.

12. As of the Petition Date, the total outstanding principal amount owed to Comerica, exclusive of certain additional accrued but unpaid interest, costs, fees and expenses, under the Prepetition Credit Documents was approximately $18 million plus contingent reimbursement obligations of approximately $8.3 million under applications for letters of credit issued by Bank (the "Prepetition Indebtedness").

## C. EVENTS LEADING TO THE CHAPTER 11 FILING

13. The filing of the Chapter 11 Cases has been brought about by several factors, which, when taken together, caused liquidity pressures for the Debtors. The Debtors have had to contend with: (a) increased disposal expenses caused by record rainfall during the spring 2011 season which resulted in excess leachate[5] and excessive garbage (from flooded basements) and yard waste; (b) costs associated with disposal of recyclable materials; (c) increased fuel prices; and (d) capacity constraints at their landfills caused by insufficient or delayed funding for cell construction resulting in significant overtime and fuel expenses.

## D. POST-PETITION ASSET SALES

---

[5] Leachate is the liquid material collected from a landfill caused principally by precipitation percolating through waste deposited in the landfill. The leachate generally cotains both dissolved and suspended material.

14. On October 16, 2012, Debtors filed sale motions [Docket Nos. 107 and 109] pursuant to which Debtors sought entry of bidding procedures orders and sale approval orders, in connection with (i) the sale of a portion of the Debtors' assets, properties and rights used in the operation of their business (as identified and described in greater detail in the Halton APA (as defined below)) (the "Halton Sale Assets") to Halton Recycling Ltd., an Ontario corporation, on behalf of one or more affiliated U.S. business entities to be formed ("Halton") pursuant to an Asset Purchase Agreement dated October 15, 2012 (the "Halton APA"), subject to higher and better offers (the "Halton Sale"), and (ii) the sale of the sale of certain executory contracts for the collection, transfer and disposal of MSW in Oakland County (as identified and described in greater detail in the Rizzo Contracts APA (as defined below)) (the "Rizzo Contracts") to Rizzo Environmental Services, Inc. ("Rizzo") pursuant to an Asset Purchase Agreement dated October 15, 2012 (the "Rizzo Contracts APA"), subject to higher and better offers (the "Rizzo Contracts Sale").

15. On November 7, 2012, the Court conducted a hearing on the Halton Sale and, on November 8, 2012, entered an order approving the Halton APA and the Halton Sale [Docket No. 217].

16. Also on November 7, 2012, the Court conducted a hearing on the approval of the Rizzo Contracts Sale and, on November 8, 2012, entered an order approving the Rizzo Contracts APA and the Rizzo Contracts Sale [Docket No. 218].

17. On November 9, 2012, Debtors closed the transactions related to both the Rizzo Contracts Sale and the Halton Sale.

18. Subsequent to the closing on the sales, Debtors remaining assets generally consist of the following:

  a. Certain fleet equipment (some of which are subject to pending sale motions filed with the Court on November 16, 2012 and which will be heard on November 27, 2012;

  b. The Davison Landfill, located in Davison, Michigan (the "Davison Landfill"); and

  c. Certain machinery, equipment, and contracts associated with Debtors operation of the Davison Landfill.

## RELIEF REQUESTED

19. By this Motion, the Debtors respectfully request an Order pursuant to Section 365(a) of the Code authorizing and approving the rejection of the executory contracts and unexpired leases listed on attached **Exhibit 4** (the "Contracts") effective as of the date of this Motion.

## THE CONTRACTS AND LEASES TO BE REJECTED

20. The Contracts to be rejected are set forth in detail on **Exhibit 4** attached hereto. In general, the Contracts are those executory contracts and unexpired leases to which the Debtors are a party that were not assumed by either Rizzo or Halton and which are no longer needed by Debtors in the context of their present limited operations. Accordingly, the Contracts are of no benefit to the Debtors' estate.

## BASIS FOR RELIEF

### Legal Basis

21. Section 365(a) of the Code provides that a debtor in possession, "subject to the court's approval, may. . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. In re Bildisco, 682 F.2d 72, 79 (3d Cir. 1982) (stating "the usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); In re Buckhead Am. Corp., 180 B.R. 83 (D. Del. 1995); In re Taylor, 913 F.2d 102 (3d Cir. 1990). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043, 1047 (4th Cir. Va. 1985), cert. denied, 457 U.S. 1057 (1986).

### Basis for Business Judgment

22. As described above, the Debtors presently have only limited operations and are attempting to sell all of their remaining assets. The Contracts include those contracts and leases that were not assumed or assigned to any buyer and are no longer needed by Debtors.

23. The Debtors have evaluated each of the Contracts in the context of the Code. In the exercise of their business judgment and in light of the facts set forth above, the Debtors have determined that the Contracts will be of no use to the Debtors in their sale efforts, and as a result, such Contracts are more burdensome than beneficial to the estate. Accordingly, the Debtors seek to reject the Contracts pursuant to Section 365(a) of the Code.

8
12-33788-jda    Doc 259    Filed 11/30/12    Entered 11/30/12 10:09:40    Page 8 of 20

24. The equities surrounding the circumstances of the rejection of the Contracts weigh in favor of approving a rejection date in accordance with this Motion. Amber Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that nothing precludes a bankruptcy court, based upon the equities of the case, from approving the trustee's rejection of a non-residential real property lease retroactively to an earlier date.); In re Thinking Machines Corp., 67 F.3d 1021 (1st Cir. 1995).

25. The filing of this Motion does not constitute an admission by the Debtors that the Contracts are valid, unavoidable, binding, or enforceable contracts or lease, either as of the Petition Date or at any time thereafter. The Debtors hereby expressly reserves their right to object to any claim filed by any party to the Contracts and hereby reserves its right to contend that any of the Contracts are not valid, binding, contractual obligations of the Debtors. The Debtors also reserve the right to contend that any of the obligations allegedly arising under the Contracts are avoidable.

## NOTICE

26. Notice of this Motion has been provided to (i) those parties included on the Debtors' Court approved Special Service Matrix (which includes: (a) all secured creditors of Debtors, (b) the Committee, (c) all affected federal, state, and local regulatory and taxing authorities, (d) the Office of the United States Trustee, and (e) all entities that have requested service in the Chapter 11 Cases); and (ii) the non-debtor parties to the Contracts. Due to the urgency of the circumstances surrounding this Motion and the nature of the relief herein, the Debtors respectfully submit that no further notice of this Motion is required.

**WHEREFORE**, the Debtors respectfully request the Court enter an order granting the relief requested in this Motion substantially in the form attached as **Exhibit 1** and such other and further relief as is just and proper.

November 30, 2012

              **CARSON FISCHER, P.L.C.**

              */s/ Christopher A. Grosman*
              Joseph M. Fischer (P13452)
              Christopher A. Grosman (P58693)
              4111 Andover Road
              West - Second Floor
              Bloomfield Hills, Michigan  48302
              Telephone:  (248) 644-4840
              Facsimile: (248) 644-1832
              E-mail:  JFischer@CarsonFicher.com
                    CGrosman@CarsonFischer.com

              *Counsel for the Debtors*

INDEX OF EXHIBITS

Exhibit 1   -   Proposed Order

Exhibit 2   -   Notice and Opportunity to Object

Exhibit 3   -   Certificate of Service

Exhibit 4   -   Contracts

Exhibit 1

(Proposed Order)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------------------------------------------------- x
In re:                                                            )
                                                                  )    Chapter 11
**RICHFIELD EQUITIES, L.L.C.,**[6]                                )    Case No. 12-33788
   a Michigan limited liability company,            )    Honorable Daniel S. Opperman
                                                                  )
       Debtor.                  )    *Jointly Administered*
----------------------------------------------------------------- x

## ORDER APPROVING THE REJECTION OF CERTAIN
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon consideration of the Motion[7] of the above captioned debtors (the "Debtors"), seeking entry of an order pursuant to Section 365(a) of the Code approving the rejection of certain unexpired leases and executory contracts; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that this Court has jurisdiction to consider the matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estate, their creditors and other parties-in-interest; and due and adequate notice of the Motion having been given under the particular circumstances; after due deliberation and good and sufficient cause appearing therefore;

*THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT*:

---

[6] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C., Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Inc., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

[7] Unless defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

1. The Motion shall be, and hereby is, GRANTED.

2. Capitalized terms used, but not otherwise defined herein, shall have the meanings given to them in the Motion.

3. Under Section 365(a) of the Code, each of the Contracts set forth on **Exhibit 4** to the Motion is hereby deemed rejected by the Debtors effective as of the date of the Motion.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# Exhibit 2

**(Notice And Opportunity to Object)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------- x
In re:                                              )
                                                    )      Chapter 11
**RICHFIELD EQUITIES, L.L.C.,**[1]                  )      Case No. 12-33788
    a Michigan limited liability company,           )      Honorable Daniel S. Opperman
                                                    )
            Debtor.                                 )      *Jointly Administered*
---------------------------------------------------------------- x

### NOTICE AND OPPORTUNITY TO OBJECT TO:

### DEBTORS' MOTION TO REJECT
### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

PLEASE TAKE NOTICE THAT the captioned Debtors (the "Debtors") have filed their motion for entry of an order authorizing Debtors to reject certain executory contracts and unexpired leases (the "Motion").

**Your rights may be affected. You may wish to review the Motion and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.)**

If you wish to object to the Court granting the relief sought in the Motion, or if you want the Court to otherwise consider your views on the Motion, within fourteen (14) days of service of the Motion, or such shorter time as the court may hereafter order and of which you may receive subsequent notice, you or your attorney must:

   1.   File with the Court a written response, explaining your position at:[2]

United States Bankruptcy Court
226 West Second Street
Flint, Michigan 48502

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C., Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Inc., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

[2] Response or answer must comply with F.R. Civ. P. 8(b), (c) and (e).

If you mail your response to the Court for filing, you must mail it early enough so the court will **receive** it on or before the date above.

You must also mail a copy to:

**Carson Fischer, P.L.C.**
Joseph M. Fischer, Esq.
Christopher A. Grosman, Esq.
4111 Andover Road, West – 2nd Floor
Bloomfield Hills, Michigan 48302

If a response is timely filed and served, the Clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

November 30, 2012

                          **CARSON FISCHER, P.L.C.**

                          */s/ Christopher A. Grosman*
                          Joseph M. Fischer (P13452)
                          Christopher A. Grosman (P58693)
                          4111 Andover Road
                          West - Second Floor
                          Bloomfield Hills, Michigan 48302
                          Telephone: (248) 644-4840
                          Facsimile: (248) 644-1832
                          E-mail: JFischer@CarsonFicher.com
                                        CGrosman@CarsonFischer.com

                          *Counsel for the Debtors*

**Exhibit 3**

**(Certificate of Service)**

*TO BE FILED UPON COMPLETION OF SERVICE*

Exhibit 4

**(Description of Contracts)**

# The Contracts and Leases to be Rejected[1]

| Name/Address of Non-Debtor Party or Notice Party | Lease/Contract Description |
|---|---|
| Cintas Corporation<br>4156 S DYE RD<br>SWARTZ CREEK  MI 48473 | Agreement(s) for Employee Uniforms |
| Clarkston State Bank<br>15 South Main Street<br>Clarkston MI  48346 | Lease Agreement - Orion Property:<br>637 Brown Road<br>Orion  MI  48359 |
| Crossroads Consulting Inc.<br>2098 ASHFORD DR<br>DAVISON  MI  48423 | Commission Agreement |
| E&N Properties<br>1514 S DORT HIGHWAY<br>FLINT  MI  48503 | Lease Agreement - Dye Rd Property:<br>3178 Dye Rd<br>Flint  MI  48507 |
| Mark C Juett<br>1785 ROCK ROAD<br>WALLED LAKE  MI  48390 | Lease Agreement - Commerce Township Property:<br>1785 Rock Rd<br>Walled Lake MI 48390 |
| Rewards for Recycling LLC<br>1141 S STATE STE 3<br>DAVISON  MI  48423 | Commission Agreement(s) |
| Sprint<br>PO BOX 4181<br>CAROL STREAM  IL  60197 | Agreement(s) for Telecommunication Services |
| RDK Truck Sales and Service Inc<br>3214 ADAMO DR<br>TAMPA FL  33605 | Equipment Rental Agreement(s) |
| Gary Varisto<br>Total Waste, LLC<br>5160 W. Provincial<br>Bloomfield Hills, MI       48302 | Services Agreement(s) – Sales Services |

---

[1] Together with all schedules, amendments, supplements, exhibits, and other related documents and agreements.

20

12-33788-jda    Doc 259    Filed 11/30/12    Entered 11/30/12 10:09:40    Page 20 of 20