**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **IN RE:**<br><br>Richfield Equities, L.L.C., *et al.*, [1]<br>a Michigan limited liability company,<br><br>Debtors. | Case No. 12-33788-dof<br>Chapter 7<br>*(Jointly Administered)*<br><br>Hon.  Daniel S. Opperman |

**OBJECTION BY THE CHAPTER 7 TRUSTEE TO KOMATSU FINANCIAL LIMITED PARTNERSHIP'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

Samuel D. Sweet, as Chapter 7 trustee ("Trustee") of the above-captioned debtors ("Debtors"), by his counsel, Wolfson Bolton PLLC, for his Objection to the Motion for Allowance of an Administrative Expense Claim (the "Motion") filed by Komatsu Financial Limited Partnership ("Komatsu"), states:

1. The Trustee denies the allegations in paragraph 1 of the Motion. Further answering, Richfield Landfill, Inc. ("Landfill") commenced a voluntary chapter 11 bankruptcy case which was subsequently converted to a chapter 7 bankruptcy case.

2. Paragraph 2 does not require a response because it states a legal conclusion.

3. Paragraph 3 does not require a response because it states a legal conclusion.

4. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and therefore denies those allegations.

5. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5, and therefore denies those allegations.

6. The Trustee denies the allegations in paragraph 6 because they are untrue.

7. The Trustee denies the allegations in paragraph 7 because they are untrue.

8. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and therefore denies those allegations.

9. The Trustee admits the allegations in paragraph 9.

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C, Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Inc., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

{00009697.DOCX }

10. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and therefore denies those allegations.

11. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and therefore denies those allegations.

12. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12, and therefore denies those allegations.

13. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and therefore denies those allegations.

14. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and therefore denies those allegations. Further answering, the Trustee notes that the allegations in paragraph 14 contradict the allegations in paragraph 10.

15. The Trustee is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and therefore denies those allegations.

WHEREFORE, the Trustee respectfully requests that this Court deny Komatsu's Motion for Allowance of an Administrative Expense Claim and grant the Trustee such additional relief as is just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: March 8, 2013

By: /s/ Ryan D. Heilman
    Scott A. Wolfson (P53194)
    Ryan D. Heilman (P63952)
    Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7070
Facsimile: (248) 247-7099
E-Mail: rheilman@wolfsonbolton.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

IN RE:

Richfield Equities, L.L.C., *et al.*, [1]
a Michigan limited liability company,

    Debtors.

Case No. 12-33788-dof
Chapter 7
*(Jointly Administered)*

Hon. Daniel S. Opperman

**BRIEF IN SUPPORT OF
CHAPTER 7 TRUSTEE'S OBJECTION TO KOMATSU FINANCIAL LIMITED
PARTNERSHIP'S MOTION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

**FACTUAL SUMMARY**

Komatsu asserts a pre-petition claim against Richfield Landfill, Inc. ("Landfill") for amounts owed under a pre-petition purchase agreement. According to Komatsu, on June 12, 2012, Landfill executed a conditional sales contract (the "Sale Contract") and purchased a Crawler Dozer from Contractors Finance Corporation. Contractors Finance Corporation subsequently assigned its rights under the Sale Contract to Komatsu.

Komatsu has filed a proof of claim asserting a debt in the amount of $134,128.70 secured by the Crawler Dozer, which Komatsu asserts has a value of only $98,750.00. Alleging a lack of adequate protection, Komatsu filed a motion for relief from the automatic stay, which this Court granted on January 7, 2013 [Docket No. 305]. As permitted by the Court's order, Komatsu acknowledges that it recovered the Crawler Dozer on January 29, 2013.

Komatsu now seeks partial payment of its pre-petition undersecured claim as an administrative expense. Because this pre-petition claim does not qualify as an administrative expense under section 503 or any other section of the Bankruptcy Code, the Trustee objects.

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C, Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Inc., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

**OBJECTION**

Komatsu's request for an administrative expense must be denied because Komatsu holds only a general pre-petition claim.

Komatsu appears to bring its administrative claim under section 503(b)(1)(A), asserting that, because Landfill used the Crawler Dozer to preserve the assets of the estate, Komatsu's pre-petition claim should be granted administrative expense priority.

Section 503(b)(1)(A) allows an administrative expense priority for the "actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). The definition of administrative expenses distinguishes administrative priority creditors from general creditors of the estate, and must be strictly construed to keep administrative expenses to a minimum. *Zurich Am. Ins. Co. v. Lexington Coal Co., LLC (In re HNRC Dissolution Co.)*, 371 B.R. 210, 224 (E.D. Ky. 2007).

Komatsu's claim is not a "cost or expense" of preserving the estate, but is nothing more than a general pre-petition claim. 11 U.S.C. § 101(5). The entirety of the claim arose pre-petition when Landfill purchased the Crawler Dozer. That Landfill owed monthly installment payments does not in any way distinguish this claim from any other pre-petition claim. *See FCC v. NextWave Pers. Communs. Inc.*, 537 U.S. 293, 302; 123 S. Ct. 832 (U.S. 2003) (holding that installment payments for the purchase of a license were dischargeable pre-petition debts).

Komatsu appears to confuse its rights as a pre-petition (partially) secured creditor with the rights of a counter-party to a lease of personal property. However, a true lease is an executory contract that must be assumed or rejected in bankruptcy, and enjoys specific Congressional protections under section 365 that typically require a chapter 11 debtor to make lease payments if the debtor continues to use the property. The lease payments, as postpetition expenses, are often granted administrative priority. In contrast, a prepetition secured creditor is not entitled to an administrative expense priority.

A secured creditor instead enjoys its own protections under the Bankruptcy Code – adequate protection or the relief from the automatic stay. If the secured creditor believes its interests are not adequately protected, it may seek relief from the automatic stay to foreclose on the collateral or otherwise exercise its legal remedies. 11 U.S.C. § 362(d). In fact, that is precisely what Komatsu did; Komatsu moved for relief from the stay and repossessed the Crawler Dozer. Komatsu is now entitled to sell the Crawler Dozer, apply the proceeds to the debt and assert a general unsecured claim for any deficiency. Komatsu has already exercised its rights. Nothing in the Bankruptcy Code permits Komatsu to also claim an administrative expense.

## **CONCLUSION**

Komatsu, as a pre-petition creditor, is not entitled to administrative expense priority for any portion of its pre-petition claim. Therefore, the Trustee requests that this Court deny Komatsu's Motion for Allowance of an Administrative Expense Claim and grant the Trustee such additional relief as is just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: March 8, 2013

By: /s/ Ryan D. Heilman
Scott A. Wolfson (P53194)
Ryan D. Heilman (P63952)
Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7070
Facsimile: (248) 247-7099
E-Mail: rheilman@wolfsonbolton.com