UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RICHFIELD EQUITIES, L.L.C.,           Chapter 7
    a Michigan limited liability company,    Case No. 12-33788
                                                          Hon. Daniel S. Opperman

                   Debtor                              *Jointly Administered*
_____/

**ORDER GRANTING MICHIGAN DEPARTMENT OF ENVIRONMENTAL QUALITY'S EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY TO ACCESS THE RICHFIELD LANDFILL, USE FUNDS FROM THE PERPETUAL CARE FUND, AND TO USE EQUIPMENT AT THE LANDFILL**

    The Michigan Department of Environmental Quality (MDEQ) having filed an Emergency Motion for Relief from Automatic Stay to Access the Richfield Landfill, Use Funds from the Perpetual Care Fund, and to Use Equipment at the Landfill, along with the Notice of Emergency Motion and Opportunity to Object, and the Court being advised in the premises, NOW THEREFORE STATES:

    IT IS ORDERED that MDEQ, its representatives, and contractors, are authorized to enter or access the Richfield Landfill in order to take any actions necessary under Part 115, Solid Waste Management, 324.11501 *et seq* to protect the public health, safety, or welfare, or the environment, including maintenance, closure, postclosure monitoring and maintenance, or corrective action.

    IT IS ORDERED that MDEQ is authorized to take disbursements from the Solid Waste Landfill Perpetual Care Fund Escrow Agreement entered into between

Richfield Landfill, Inc., Citizens Bank, and MDEQ for activities permitted under Mich. Comp. Law §324.11525(9).

IT IS ORDERED that Citizens Bank may pay from the Perpetual Care Fund its reasonable attorney fees incurred in responding to and attending the hearing on the Motion, and the entry of this Order.;

IT IS ORDERED that MDEQ shall represent to Citizens Bank in any written request for disbursements from the Solid Waste Landfill Perpetual Care Fund Escrow Agreement that such funds were or are to be incurred for activities relating to closure, postclosure monitoring and maintenance, or corrective action under Mich. Comp. Law § 324.11525(9).

IT IS ORDERED that MDEQ, its representatives, and contractors are authorized to use any and all equipment at the Landfill for a period of 30 days from February 20, 2013 in order to take any actions necessary under Part 115 to protect the public health, safety, or welfare, or the environment, including maintenance, closure, postclosure monitoring and maintenance, or corrective action;

IT IS ORDERED that, in order to resolve the objection to the Motion made by Comerica Bank at the hearing, the MDEQ will pay Comerica $5000.00 per month for the use of equipment and other tangible property at the Landfill and will pay Comerica for consumable items (i.e., lining material, sand, gravel, and other similar product, and fuel) used, at Richfield's cost or an agreed cost, as and when used. The $5,000 and any amount due for consumables shall be paid to Comerica on the 20th of each month commencing March 20, 2013.

IT IS ORDERED that, in response to the objection to the Motion made by Commercial Credit Group at the hearing, MDEQ has agreed not to use the Caterpillar 836G Landfill Compactor (Serial No. 7MZ00492) or CAT D8T (Serial No. KPZ00972) at the Landfill during the 30 day period.

**Signed on March 21, 2013**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**