B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

<u>EASTERN</u> District of <u>MICHIGAN</u>

In re

Richfield Equities, L.L.C., *et al.*[1]

Debtors,

**SUBPOENA FOR RULE 2004 EXAMINATION**
Case No.* 12-33788-dof
Chapter 7

To: Rewards for Recycling, LLC
c/o C. Thomas Toppin, Esq.
370 E. Maple, 3rd Floor
Birmingham, MI 48009

■ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Wolfson Bolton PLLC<br>3150 Livernois, Ste. 275<br>Troy, MI 48083 | June 18, 2013 at 9:30 a.m. |

■ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Documents listed on "Exhibit A to Subpoena for Rule 2004 Examination" attached to this form.

| PLACE | DATE AND TIME |
|---|---|
| Wolfson Bolton PLLC<br>3150 Livernois, Suite 275<br>Troy, MI 48083 | June 4, 2013 at 9:30 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Anthony J. Kochis, Anthony J. Kochis, Attorney for Chapter 7 Trustee | May 20, 2013 |
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER<br>Wolfson Bolton PLLC<br>3150 Livernois, Suite 275<br>Troy, MI 48083<br>(248) 247-7105 | |

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C, Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

{00013274.DOCX }

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

# PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | May 20, 2013 | |
| SERVED ON (PRINT NAME) <br> C. Thomas Toppin, Esq. | | MANNER OF SERVICE <br> E-mail |
| SERVED BY (PRINT NAME) <br> Anthony J. Kochis, Esq. | | TITLE <br> Attorney for Chapter 7 Trustee |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   May 20, 2013                                         /s/ Anthony J. Kochis
                    DATE                                                              SIGNATURE OF SERVER

                                                                       3150 Livernois, Suite 275, Troy, MI 48083
                                                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

{00013274.DOCX }

# EXHIBIT A TO SUBPOENA FOR RULE 2004 EXAMINATION

## DEFINITIONS

The following definitions apply to the Subpoena for Rule 2004 Examination to which this exhibit is attached (collectively, "Subpoena"):

1. The term "communication(s)" means any correspondence, contact, discussion, or exchange between any two or more persons, whether written, electronic, oral, or otherwise. Without limiting the foregoing, the term "communication" includes all documents, telephone conversations, face-to-face conversations, e-mails, meetings or conferences, and any other means of transmitting a message.

2. The term "concerning" means in any way relating to, referring to, consisting of, mentioning, corresponding to, describing, considering, discussing, supporting, containing, analyzing, studying, evidencing, pertaining to, reporting on, legally, logically or factually connected with, or reflecting, in whole or part, directly or indirectly, a stated subject matter.

3. The term "Debtors" means Richfield Equities, L.L.C; Richfield Landfill, Inc.; Richfield Management, L.L.C., Inc.; and Waste Away Disposal, L.L.C.

4. The term "describe" or "description" means state every material fact and circumstance specifically and completely.

5. The term "document" means anything discoverable under the Federal Rules of Civil Procedure. Further, the term "document" is used in its broadest and most liberal sense and means written, typed, printed, recorded or graphic matter, electronic or otherwise, however produced or reproduced, of any kind and description and whether an original, master, duplicate or copy, including papers, notes of conversations, contracts, agreements, purchase orders, invoices, payment vouchers, credit memos, credit policies, payment receipts, bills of lading, delivery receipts, service tickets, field service reports, drawings, telegrams, tape recordings, communications (including inter-office and intra-office memoranda), analytical reports, studies, UCC searches, security agreements, working papers,

corporate records, minutes of meetings, notebooks, wire transfers, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations, negotiations, meetings, conferences, or things similar to any of the foregoing, and data, information or statistics contained within any data storage module, tape, disc or other memory device, or other information retrievable from storage systems including computer generated reports and print-outs and electronic communication, including e-mail and facsimile transmissions.  The term "document" also includes data compilations from which information can be obtained and translated, if necessary, through detection devices in a reasonably usable form.  The term "document" also means any English translation of a document in another language.  If any "document" has been modified by the addition of notations or otherwise, or has been prepared in multiple copies that are not identical, each modified copy or non-identical copy is a separate "document."

6. The term "evidencing" means tending to show, in whole or in part, in any probative manner, the existence or nonexistence of any matter.

7. The term "financial records" includes, but is not limited to, tax returns, financial statements, bank statements, work papers, general ledgers, cash disbursement journals, check registers, accounts receivable aging, accounts payable aging, balance sheets, income statements, statements of account, reconciliation sheets, loan documents, appraisals, business plans, projections, tax statements, rent rolls, prospectuses, and any information provided to any financial institution.

8. The term "including" means including without limitation.

9. The term "person" means individual persons, firms, associations, partnerships, corporations, limited liability companies, trusts, or other entities.

10. "Trustee" means Samuel D. Sweet, the Chapter 7 Trustee appointed in the case of Debtors.

11. The term "relating to" means constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

12. The term "you" or "your" means the person to whom the Subpoena is directed, your agents, representatives, officers, directors, members, employees, attorneys, experts, investigators, insurers, designees, and anyone acting on your behalf.

**INSTRUCTIONS**

You should follow these instructions in responding to the Subpoena:

1. The Subpoena calls for the production of responsive documents in your possession, custody, or control, or in the possession, custody, or control of any and all of your employees, accountants, representatives, and agents, or other persons acting on your behalf, without regard to the physical location of such documents. Without limiting the term "control," a document is deemed to be within one's control if that person or entity has any ownership, possession, or custody of the document, or the right to obtain the document or a copy of it.

2. In response to the Subpoena, you must set forth all of the information known to you or available to you, including all relevant and non-privileged information contained in your records or in writings or documents in your possession or under your control, and all relevant and non-privileged information known to or in the possession of your attorneys.

3. If you withhold documents or information, or fail to provide a complete response to the Subpoena based on a claim of privilege or immunity from disclosure, you must provide the following information:

   (a) The attorney asserting the privilege must identify the nature of the privilege (including work product) that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked, and

   (b) The following information must be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

          i.       For documents: (A) the type of document, *e.g.*, letter or memorandum; (B) the general subject matter of the document; (C) the date of the document: and (D) such other information as is sufficient to identify the document, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and

          ii.      For oral communications: (A) the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication; (B) the date and place of communication; and (C) the general subject matter of the communication.

4.      The balance of the documents or things not subject to a claim of privilege that fall within the scope of the Subpoena must be produced.

5.      The effectiveness of the Subpoena continues throughout the pendency of this action, and responsive documents or information must be promptly supplemented. It is your responsibility to monitor this case and determine when your obligation to supplement your response is necessary. Neither the Trustee nor his attorneys have an affirmative obligation to notify you of any event related to this case (including the closing of the case).

6.      Your duty to respond includes the duty to supply all documents and materials in your physical possession, as well as those which can be obtained from additional sources, pursuant to Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and other applicable law.

7.      Identify each document produced in response to this Subpoena by the paragraph number to which the document is responsive.

8. Documents produced in response to the Subpoena must be produced in their entirety, without abbreviation or expurgation, and with any other documents or attachments to which the document is attached.

9. The singular includes the plural and the plural includes the singular; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; the masculine includes the feminine and the feminine includes the masculine; and the present tense includes the past tense and the past tense includes the present tense so as to bring within the scope of the Subpoena all responses that might otherwise be construed to be outside of its scope.

10. Computer stored data, including email, database files, word files, spreadsheets, presentations, and accounting data must be produced in both hardcopy form and electronically on disc or other format as agreed to by the Trustee. The data should contain all metadata associated with the files. Where data was created and stored by software application that is available to the general public, the data should be produced in that same native format. Where data is created and stored by software application that is not available to the general public, it should be provided in a format that is accessible by software application available to the general public. For any data that is password locked or encrypted, the password or key associated with the data must be provided.

11. Whenever a document has not been produced in full, identify with particularity the reason or reasons it has not been produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document that have not been produced.

12. If a document called for by the Subpoena is known to have existed but cannot now be located, identify the document and state: (a) whether the missing document has been in your possession, custody or control, (b) where the missing document was last known to be and the date when the document was last known to be in such location, and (c) in whose

possession, custody or control the document may be found or (d) where applicable, whether the document has been destroyed.

13. If you consider any document called for in the Subpoena to be privileged or otherwise not subject to production, then include in your response a list of documents withheld from production, identifying each document by date, addressee(s), author, title, and subject matter. In addition, identify those persons who have seen the document or who were sent copies.

14. If there are any objections to the Subpoena, a written statement containing the objection(s) must be furnished at the time specified herein for the production of documents.

15. You are instructed to fully preserve, protect, and keep intact all computer and electronic data in your possession or under your control that relates in any way to the documents sought by the Subpoena.

16. Unless otherwise stated, the relevant time period in responding to the Subpoena is from September 18, 2010 through and including the present.

## **DOCUMENTS TO BE PRODUCED**

1. Please produce a full and complete copy of your corporate bylaws and articles of incorporation.

2. Please produce a full and complete copy of your corporate minute book.

3. Please produce all invoices sent by you to Debtors.

4. Please produce all documents and financial records relating to the transfers described on Exhibit B.

5. Please produce all communications between you and Debtors.

**Exhibit B**

| Transferor | Transfer Clear Date | Amount | Payment Form | Number |
|---|---:|---:|---:|---:|
| Richfield Management, LLC | 9/22/2011 | $6,275.90 | check | 15642 |
| Richfield Management, LLC | 10/6/2011 | $6,182.25 | check | 15773 |
| Richfield Management, LLC | 10/14/2011 | $6,071.75 | check | 15845 |
| Richfield Management, LLC | 10/21/2011 | $6,158.00 | check | 15917 |
| Richfield Management, LLC | 11/4/2011 | $6,231.15 | check | 16078 |
| Richfield Management, LLC | 11/10/2011 | $6,483.35 | check | 16142 |
| Richfield Management, LLC | 11/17/2011 | $6,195.00 | check | 16180 |
| Richfield Management, LLC | 12/5/2011 | $6,079.25 | check | 16305 |
| Richfield Management, LLC | 12/19/2011 | $12,038.75 | check | 16395 |
| Richfield Management, LLC | 1/12/2012 | $9,677.50 | check | 16691 |
| Richfield Management, LLC | 1/27/2012 | $12,126.25 | check | 16823 |
| Richfield Management, LLC | 2/9/2012 | $6,002.25 | check | 16903 |
| Richfield Management, LLC | 2/16/2012 | $6,130.75 | check | 16995 |
| Richfield Management, LLC | 2/27/2012 | $5,926.00 | check | 17055 |
| Richfield Management, LLC | 3/8/2012 | $6,002.25 | check | 17202 |
| Richfield Management, LLC | 3/15/2012 | $6,071.75 | check | 17307 |
| Richfield Management, LLC | 3/22/2012 | $6,061.50 | check | 17376 |
| Richfield Management, LLC | 4/5/2012 | $6,021.75 | check | 17514 |
| Richfield Management, LLC | 4/12/2012 | $6,342.25 | check | 17606 |
| Richfield Management, LLC | 4/26/2012 | $6,000.00 | check | 17652 |
| Richfield Management, LLC | 5/4/2012 | $6,155.75 | check | 17787 |
| Richfield Management, LLC | 5/10/2012 | $6,456.25 | check | 17826 |
| Richfield Management, LLC | 5/18/2012 | $6,000.00 | check | 17915 |
| Richfield Management, LLC | 6/7/2012 | $12,000.00 | check | 18025 |
| Richfield Management, LLC | 6/15/2012 | $6,000.00 | check | 18104 |
| Richfield Management, LLC | 7/12/2012 | $6,000.00 | check | 18340 |
| Richfield Management, LLC | 7/17/2012 | $6,292.00 | check | 18382 |
| Richfield Management, LLC | 7/27/2012 | $6,026.50 | check | 18491 |
| Richfield Management, LLC |  | $6,500.00 | check | 18545 |
| Richfield Management, LLC | 8/13/2012 | $6,000.00 | check | 18552 |
| Richfield Management, LLC |  | $0.65 | check | 18552 |
| Richfield Management, LLC | 8/16/2012 | $6,018.50 | check | 18562 |
| Richfield Management, LLC | 8/27/2012 | $6,000.00 | check | 18638 |
| Richfield Management, LLC | 9/6/2012 | $17,902.00 | check | 18688 |
| Richfield Management, LLC | 9/13/2012 | $13,357.13 | check | 18708 |
| Richfield Management, LLC | 9/22/2011 | $6,275.90 | check | 15642 |
| Richfield Management, LLC | 10/6/2011 | $6,182.25 | check | 15773 |
| Richfield Management, LLC | 10/14/2011 | $6,071.75 | check | 15845 |

| Richfield Management, LLC | 10/21/2011 | $6,158.00 | check | 15917 |
|---|---|---|---|---|
| Richfield Management, LLC | 11/4/2011 | $6,231.15 | check | 16078 |
| Richfield Management, LLC | 11/10/2011 | $6,483.35 | check | 16142 |
| Richfield Management, LLC | 11/17/2011 | $6,195.00 | check | 16180 |
| Richfield Management, LLC | 12/5/2011 | $6,079.25 | check | 16305 |
| Richfield Management, LLC | 12/19/2011 | $12,038.75 | check | 16395 |
| Richfield Management, LLC | 1/12/2012 | $9,677.50 | check | 16691 |
| Richfield Management, LLC | 1/27/2012 | $12,126.25 | check | 16823 |
| Richfield Management, LLC | 2/9/2012 | $6,002.25 | check | 16903 |
| Richfield Management, LLC | 2/16/2012 | $6,130.75 | check | 16995 |
| Richfield Management, LLC | 2/27/2012 | $5,926.00 | check | 17055 |
| Richfield Management, LLC | 3/8/2012 | $6,002.25 | check | 17202 |
| Richfield Management, LLC | 3/15/2012 | $6,071.75 | check | 17307 |
| Richfield Management, LLC | 3/22/2012 | $6,061.50 | check | 17376 |
| Richfield Management, LLC | 4/5/2012 | $6,021.75 | check | 17514 |
| Richfield Management, LLC | 4/12/2012 | $6,342.25 | check | 17606 |
| Richfield Management, LLC | 4/26/2012 | $6,000.00 | check | 17652 |
| Richfield Management, LLC | 5/4/2012 | $6,155.75 | check | 17787 |
| Richfield Management, LLC | 5/10/2012 | $6,456.25 | check | 17826 |
| Richfield Management, LLC | 5/18/2012 | $6,000.00 | check | 17915 |
| Richfield Management, LLC | 6/7/2012 | $12,000.00 | check | 18025 |
| Richfield Management, LLC | 6/15/2012 | $6,000.00 | check | 18104 |
| Richfield Management, LLC | 7/12/2012 | $6,000.00 | check | 18340 |
| Richfield Management, LLC | 7/17/2012 | $6,292.00 | check | 18382 |
| Richfield Management, LLC | 7/27/2012 | $6,026.50 | check | 18491 |
| Richfield Management, LLC | | $6,500.00 | check | 18545 |
| Richfield Management, LLC | 8/13/2012 | $6,000.00 | check | 18552 |
| Richfield Management, LLC | | $0.65 | check | 18552 |
| Richfield Management, LLC | 8/16/2012 | $6,018.50 | check | 18562 |
| Richfield Management, LLC | 8/27/2012 | $6,000.00 | check | 18638 |
| Richfield Management, LLC | 9/6/2012 | $17,902.00 | check | 18688 |
| Richfield Management, LLC | 9/13/2012 | $13,357.13 | check | 18708 |

$248,786.43