UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN - FLINT

IN RE:

Richfield Equities, L.L.C., *et al.*,[1]
a Michigan limited liability company,

    Debtors.

Case No. 12-33788-dof
Chapter 7
*(Jointly Administered)*

Hon. Daniel S. Opperman

## CHAPTER 7 TRUSTEE'S MOTION TO SELL ASSETS BY PUBLIC AUCTION

Samuel D. Sweet, Chapter 7 trustee ("Trustee") of the above-captioned debtors ("Debtors"), through counsel, Wolfson Bolton PLLC, and for his Motion to Sell Assets by Public Auction ("Motion"), states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper under 28 U.S.C. § 1408 and 1409.

### BACKGROUND

4. Debtors filed for relief under Chapter 11 of Title 11 of the United States Code on September 18, 2012 ("Petition Date"), Case No. 12-33788-dof *et al.* in the United States Bankruptcy Court for the Eastern District of Michigan – Flint ("Bankruptcy Court").

5. On February 25, 2013, the Bankruptcy Court converted Debtors' cases from Chapter 11 to Chapter 7 [Docket No. 389], and Samuel D. Sweet was appointed Trustee.

6. During the Chapter 11 case, Debtors consummated two asset sales, and the Chapter 7 Trustee currently has pending an asset sale relating to the Davison Landfill and certain pieces of equipment. By separate application, the Trustee seeks to retain Miedema Auctioneering, Inc. ("Auctioneer") to sell by public auction all of the remaining physical assets of

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Richfield Equities, L.L.C, Case No. 12-33788; Richfield Landfill, Inc., Case No. 12-33789; Richfield Management, L.L.C., Inc., Case No. 12-33790; and Waste Away Disposal, L.L.C., Case No. 12-33791.

the estates, which consist of equipment, trucks, and attachments (individually, each an "Asset" and collectively, "Assets").  Attached as Exhibit 6a is a list of the remaining Assets.[2]

7. The Trustee desires to utilize the services of the Auctioneer to maximize the value of the Assets and sell the Assets by public auction as described in this Motion.

**RELIEF REQUESTED**

8. The Trustee requests authority under 11 U.S.C. § 363 and Fed. R. Bankr. P. 6004, to sell the Assets at public auction free and clear of all liens, claims, and encumbrances (collectively, "Liens") with all Liens attaching to the sale proceeds with the same validity, extent, and priority as immediately prior to the sale.  In addition, the Trustee requests that the fourteen day stay of Fed. R. Bankr. P. 6004(h) be waived in connection with the proposed sale.

**BASIS FOR RELIEF REQUESTED**

9. Section 363(b) of the Bankruptcy Code permits the Trustee, after notice and a hearing, to sell property of the estate, other than in the ordinary course of business.  11 U.S.C. § 363(b).

10. In approving a sale under 11 U.S.C. § 363(b), the Sixth Circuit Court of Appeals has held that there must be "some articulated business justification" supporting the decision to sell assets and that the court must consider "all salient factors" pertaining to the proposed sale. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 389 (6th Cir. 1986).

11. In this case, the sale of the Assets is supported by a reasonable and sound business justification.

12. The Trustee believes that the sale of the Assets at the auction is in the best interests of the Debtors' estates because the Trustee has exhausted other options by which the Trustee could sell the Assets, and, therefore, the auction is the most efficient way to maximize the value of the Assets for the Debtors' estates.

---

[2] The Trustee reserves the right to add or subtract Assets from Exhibit 6a prior to the time of the auction.

13. Sale by public auction is designed to maximize the value of the Assets by exposing the Assets to the marketplace and encouraging bids from prospective purchasers.

### A. Description of the Auction

14. The Trustee proposes to sell the Assets by public auction to be conducted by the Auctioneer as follows:[3]

    a. The Auctioneer will move the Assets, which are currently located at the Davison landfill, to the Auctioneer's facility located in Ortonville, Michigan.

    b. The Auctioneer will prepare the Assets for auction, which preparation includes cleaning, mechanical repair, and maintenance.

    c. The Auctioneer will advertise the auction via internet advertising, newspaper advertising, targeted print post-cards, trade publication advertising, and telemarketing.

    d. Public access and internet access will be made available to interested bidders to view and/or bid on the Assets.

    e. The auction will take place on **Tuesday, July 16, 2013** on-site at the Auctioneer's facility. The Auctioneer is responsible for all auction related activities, including security, payment for purchased Assets, and removal of purchased Assets.

    f. The Auctioneer will charge a 10% buyer's premium on all Assets. The proceeds from the auction will be disbursed to the Trustee 2 weeks after the auction date.

    g. The Assets will be sold free and clear of all liens, claims, and encumbrances. No warranty or guaranty of fitness for a particular purpose will be given by the Trustee.

### B. Sale of the Assets Free and Clear of Liens, Claims and Encumbrances

15. The Trustee may sell all or any part of the Debtor's property free and clear of any and all liens, claims, or interests in the property if (a) the sale is permitted under applicable non-bankruptcy law; (b) the party asserting such a lien, claim, or interest consents to the sale; (c) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (d) the interest is the subject of a bona fide dispute; or (e) the party

---

[3] The Auctioneer's proposal for auction is attached as Exhibit 6b.

asserting the lien, claim, or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for its interest. 11 U.S.C. § 363(f).

16. The Trustee will serve notice of this Motion on any creditor with a properly perfected lien in the Assets. The Trustee proposes that the absence of any objection to the entry of the order approving this Motion be deemed "consent" to any sales within the meaning of 11 U.S.C. § 363(f)(2). Moreover, the Trustee will establish reserves with respect to any creditor that has a properly perfected purchase money security interest in the Assets such that the auction sale price meets or exceeds the amount of the purchase money security interest in satisfaction of 11 U.S.C. § 363(f)(2).

17. Accordingly, § 363(f) will be met in connection with the sale of the Assets because (i) the purchase price for an Asset will be greater than the aggregate amount of all liens on the Asset; or (ii) absent any objection to this Motion, parties will be deemed to have consented to the sale of the Assets. In the case of (ii), such lienholders would nevertheless be adequately protected by having their liens attach to the proceeds of the sale in the same order of priority and with the same validity, force, and effect as the lienholder had before the sale.

    **C.**     **Waiver of Fed. R. Bankr. P. 6004(h)**

18. Lastly, the Trustee requests relief from the fourteen day stay of Fed. R. Bankr. P. 6004(h) and that the order approving the Motion be effective immediately. The purpose of Fed. R. Bankr. P. 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). While Fed. R. Bankr. P. 6004 is silent as to when the Court should "order otherwise" and eliminate the fourteen day stay requirement, Collier on Bankruptcy suggests that the "the court should eliminate the 14-day stay period and allow the sale or other transaction to close immediately in all cases where there has been no objection to the procedure." 10-6004 Collier on Bankruptcy P 6004.11. All parties in interest will receive notice of this Motion and an opportunity to be heard. This notice is appropriate to waive the fourteen day stay of Fed. R. Bankr. P. 6004(h).

### D. <u>Notice</u>

19. Notice of this Motion will be provided pursuant to the Order Granting Chapter 7 Trustee's Motion to Modify Order Granting First Day Motion for Establishing Limited Notice Pursuant to Federal Rule of Bankruptcy Procedure 2002(I) and (M) and 11 U.S.C. §§ 105(A) and 1102 [Docket No. 483].

WHEREFORE, the Trustee respectfully requests that the Court enter an order in the form attached as Exhibit 1 and grant the Trustee additional relief as is just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: June 10, 2013

By: /s/ Anthony J. Kochis
    Scott A. Wolfson (P53194)
    Anthony J. Kochis (P72020)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
E-Mail: akochis@wolfsonbolton.com

## **EXHIBIT INDEX**

| Exhibit 1 | Proposed Order |
|---|---|
| Exhibit 2 | Notice and Opportunity |
| Exhibit 3 | n/a |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | n/a |
| Exhibit 6a | List of Assets |
| Exhibit 6b | Auctioneer's proposal for auction |