UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

RICHFIELD EQUITIES, L.L.C.,　　　　　　　Case No. 12-33788-dof
　　　　Debtor.　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/


OPINION REGARDING TRUSTEE'S OBJECTION TO CLAIM NO 176 OF DEPENDABLE
WHOLESALE, INC. AND DEPENDABLE WHOLESALE INC.'S MOTION FOR
ALLOWANCE OF AN ADMINISTRATIVE EXPENSE PURSUANT TO 11 U.S.C. §
503(b)(9)

Introduction, Procedural History, and Facts

The Debtor and its three related entities (collectively "Debtor") filed Chapter 11 petitions with this Court on September 18, 2012. Dependable Wholesale, Inc. ("Dependable") was one of many suppliers of the Debtor and was owed $104,033.25 for goods supplied pre-petition, of which Dependable alleges $24,922.65 was supplied 20 days before September 18, 2012. Dependable filed a proof of claim on January 8, 2013, designating $24,922.65 as an administrative expense accorded priority under 11 U.S.C. § 503(b)(9).

Dependable attached to its proof of claim a summary of the invoices it asserts constitute an administrative claim. This summary is condensed as follows:

| Order Date | Order No. | Invoice Amount | Receipt Confirmed by Signature |
|---|---|---|---|
| 9/14/2012 | 700838 | $3,930.89 | No |
| 9/13/2012 | 700841 | $    8.00 | Yes |
| 9/13/2012 | 700778 | $    4.00 | Yes |
| 9/13/2012 | 700776 | $   16.00 | Yes |
| 9/13/2012 | 700628 | $7,025.07 | No |
| 9/11/2012 | 700465 | $4,400.23 | No |

1

| Order Date | Order No. | Invoice Amount | Receipt Confirmed by Signature |
|---|---|---|---|
| 9/7/2012 | 700243 | $ 8.00 | Yes |
| 9/6/2012 | 700180 | $ 16.00 | Yes |
| 9/6/2012 | 700179 | $2,944.58 | No |
| 9/6/2012 | 700177 | $1,253.98 | No |
| 9/4/2012 | 699917 | $ 36.00 | Yes |
| 9/4/2012 | 699916 | $ 12.00 | Yes |
| 8/31/2012 | 699731 | $ 16.00 | Yes |
| 8/31/2012 | 699709 | $ 427.02 | No |
| 8/30/2012 | 699545 | $ 8.00 | Yes |
| 8/29/2012 | 699430 | $4,816.99 | No |

All invoices that were not confirmed by a signature bear the following notation:

"PRINT NAME SEE ATTACHED
 SIGNATURE SIGNED WORK ORDER"

The Court could not find any attachments or work orders regarding these invoices in either the proof of claim or Dependable's instant Motion. Dependable did not file a motion seeking priority status by the January 15, 2013, deadline set by Local Bankruptcy Rule 3003-1. These proceedings were converted to Chapter 7 on February 25, 2013. After liquidating assets and initiating preference and fraudulent conveyance actions, the Chapter 7 Trustee seeks to conclude this case and is at the stage where objections to claims are considered. The Trustee objects to the priority status claimed by Dependable, but Dependable does not agree with the Trustee's assessment. Instead, Dependable relies on its priority status as claimed in its proof of claim and reasserts that status by way of a motion. A major creditor, the Michigan Department of Environmental Quality ("MDEQ"), joins the Trustee in his objection to the proof of claim and Response to Dependable's Motion.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334,

and E.D. Mich. LR 83.50.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B)(allowance or disallowance of claims against the estate).  All issues before the Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

## Applicable Authorities

11 U.S.C. § 503(a) and (b)(9).  Allowance of administrative expenses

(a) An entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause.
(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –

. . .

(9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 102(1)(A) and (B).  Rules of construction

In this title –
(1) "after notice and a hearing", or a similar phrase –
   (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
   (B) authorizes an act without an actual hearing if such notice is given properly and if –
      (i) such a hearing is not requested timely by a party in interest; or
      (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

Federal Rule of Bankruptcy Procedure 1019(2) and (6). Conversion of a Chapter 11 Reorganization Case, Chapter 12 Family Farmer's Debt Adjustment Case, or Chapter 13 Individual's Debt Adjustment Case to a Chapter 7 Liquidation Case.

When a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case:

3

. . .
       (2) New Filing Periods.

       (A) A new time period for filing a motion under § 707(b) or (c), a claim, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence under Rules 1017, 3002, 4004, or 4007, but a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing a motion under § 707(b) or (c), a claim, a complaint objection to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

      (B) A new time period for filing an objection to a claim of exemptions shall commence under Rule 4003(b) after conversion of a case to chapter 7 unless:

         (i) the case was converted to chapter 7 more than one year after the entry of the first order confirming a plan under chapter 11, 12, or 13; or

         (ii) the case was previously pending in chapter 7 and the time to object to a claimed exemption had expired in the original chapter 7 case.

. . .

      (6) Postpetition Claims; Preconversion Administrative Expenses; Notice. A request for payment of an administrative expense incurred before conversion of the case is timely filed under § 503(a) of the Code if it is filed before conversion or a time fixed by the court. If the request is filed by a governmental unit, it is timely if it is filed before conversion or within the later of a time fixed by the court or 180 days after the date of conversion. A claim of a kind specified in § 348(d) may be filed in accordance with Rules 3001(a)-(d) and 3002. Upon the filing of the schedule of unpaid debts incurred after commencement of the case and before conversion, the clerk, or some other person as the court may direct, shall give notice to those entities listed on the schedule of the time for filing a request for payment of an administrative expense and, unless a notice of insufficient assets to pay a dividend is mailed in accordance with Rule 2002(e), the time for filing a claim of a kind specified in § 348(d).

Local Bankruptcy Rule 3003-1 Deadline to File a Proof of Claim, a Proof of Interest or a § 503(b)(9) Motion in a Chapter 11 Case

In a chapter 11 case, unless the court orders otherwise, the deadline for filing a required proof of claim or equity interest or a motion for allowance of a claim under § 503(b)(9) is 90 days after the first date set for the meeting of creditors.

4

Analysis

A. Summary of Parties' Positions.

The Trustee argues that creditors with Section 503(b)(9) claims must file a motion within 90 days after the first date set for a meeting of creditors; otherwise, the creditor loses the right to that status. Here, Dependable did not file such a motion until June 15, 2016, long after the January 15, 2013, deadline set by Local Bankruptcy Rule 3003-1.

In response, Dependable argues the conversion from Chapter 11 to Chapter 7 either excuses or resets the deadline to file a motion. Alternatively, Dependable argues that its proof of claim contained all the information needed to satisfy the motion requirement of Section 503(b)(9), and that its invoices attached to the proof of claim satisfy Section 503(b)(9) as well. Also, Dependable asserts that cause exists to allow it to file its motion after the Local Bankruptcy Rule 3003-1 deadline.

In reply, the Trustee asserts that the proof of claim does not meet the Section 503(b)(9) standards and that cause does not exist to allow a late motion.

B. Local Bankruptcy Rule 3003-1 sets the applicable deadline.

Neither the Bankruptcy Code or Federal Bankruptcy Rules of Procedure set a deadline to file a Section 503(b) motion. Section 503(b) requires a motion because of its reference to "after notice and a hearing", but no deadline is set to file such a motion. Local Bankruptcy Rule 3003-1 fills this gap and requires that a Section 503(b)(9) motion be filed within 90 days of the first date set for the meeting of creditors. All agree that this deadline in this case is January 15, 2013.

Dependable, while acknowledging this deadline, places great emphasis on the subsequent conversion of this case from Chapter 11 to Chapter 7, which it argues reset or excused the deadline.

5

Federal Rule of Bankruptcy Procedure 1019 suggests otherwise. First, subsection six implies that motions for Section 503(a) status must be filed before conversion or a time fixed by the Court. Dependable's Motion was filed long after either date. It is not clear, however, whether this subsection is applicable.

Looking past this subsection, Rule 1019(2) sets new filing dates on conversion. None of the dates reset by Rule 1019(2), however, change the original deadline for filing Section 503(b)(9) motions. This failure to reset the deadline is noteworthy because other important deadlines are either reset or excused. Since the failure to address an issue assumes the intent to not change an existing result, the Court finds that in this case the deadline to file a Section 503(b)(9) motion remains January 15, 2013. *See Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1197-98 (6th Cir. 1983). ("It is a fundamental rule of statutory construction that inclusion in one part of a congressional scheme of that which is excluded in another part reflects a congressional intent that the exclusion was not inadvertent.")(citation omitted).

Sound policy reasons support this finding. First, certainty of the nature and priority of claims is set. All parties, including the debtor, creditors, and subsequent trustee can rely on the knowledge that a priority creditor does, or does not exist, and may then act accordingly. Second, as in this case, the deadline forces the parties to come to grips with the issue earlier, and, if need be, preserve evidence and testimony. Applied here, many invoices are signed by individuals as receiving goods, but the Chapter 7 Trustee has no definitive method to confirm receipt with that individual, especially given the passage of almost four years since the goods were delivered. Moreover, in some cases the invoices do not have the signature of any employee or agent of the Debtor, but only a reference to an attachment or signed work order. On its face, these invoices cannot now be confirmed, but could

6

12-33788-dof    Doc 1093    Filed 08/19/16    Entered 08/19/16 14:26:13    Page 6 of 9

have perhaps been confirmed years ago if the requisite motion had been filed by the January 15, 2013, deadline.

Upon reflection, the setting of an early deadline prompts parties to act quickly and efficiently to enforce their rights. The passage of years weakens the Trustee's ability to challenge improper claims, so the Court finds that the January 15, 2013, deadline in this case initially bars Dependable from filing its instant Motion.

C.  Dependable's Proof of Claim does not meet the requirements of Section 503(b)(9).

Dependable argues that its proof of claim clearly sets a request for priority status in the set amount of $24,922.65 and therefore should be accorded priority. As a general rule, requests for payment of administrative expenses are expressly filed under Section 503(a), and an assertion to that status in a proof of claim under Section 501 is not sufficient. *In re Plastech Engineered Prods.*, 394 B.R. 147, 161 (Bankr. E.D. Mich. 2008). This rule is based in part on the notion that motions are noticed to the debtor and creditors; proofs of claim are not. This method allows for early and clear raising of the issues, all consistent with Section 503. In some instances, however, a request in a proof of claim may suffice.

On close examination, some of the invoices facially support Dependable's position, but others do not. Of the invoices with an arguably clear delivery of goods, as acknowledged by the signature of an individual that the Court assumes is an employee of the Debtor for the purposes of this motion, all are in modest amounts ranging from $4 to $36, and total $124. The remaining invoices lack any identifiable signature and reference a signed work order that is not attached to the proof of claim. There is no evidence within the documents of the proof of claim that the Debtor received the goods. Since Section 503(b)(9) requires proof of receipt of goods, Dependable's claim fails to show that requisite delivery. *In re Plastech Engineered Prods.*, 2008 Bankr. LEXIS 3130

at *7 (Bankr. E.D. Mich. Oct. 7, 2008); *In re Circuit City Stores, Inc.*, 432 B.R. 225, 229 (Bankr. E.D. VA 2010).

D. Cause does not exist to allow consideration of Dependable's Section 503(b)(9) claim.

The Court next turns to whether Dependable has demonstrated "cause" under Section 503(a) to allow for a tardily filed administrative expense claim. In the case of *In re Cripps*, 549 B.R. 836, 858 (Bankr. W.D. Mich. 2016), the bankruptcy court held:

> In light of the guidance provided by other courts, this court concludes that "cause" under section 503(a) should be determined by examining all relevant factors, including (i) the prejudice to the party requesting the administrative expense, (ii) the prejudice to other parties in interest, most notably the debtor, (iii) the cause of the delay, (iv) the length of the delay, (v) the reason for the delay and whether if was in the control of the movant, and (vi) whether the movant acted in good faith. Although a court should consider the factors for excusable neglect set forth in *Pioneer*, such factors are non-exclusive and cause should be determined on a case-by-case basis. Like other courts, this court believes it is appropriate to place significant emphasis on whether the delay was caused by the movant, or some other intervening (and perhaps unavoidable) event.

*Cripps*, 549 B.R. 858 (citations omitted).

The *Cripps* Court carefully went through the above factors and concluded that while the administrative expense movant would suffer prejudice and did not exhibit a lack of good faith, the prejudice to the debtor outweighed any prejudice to the movant. Further, the cause of and reason for the delay, including the length of such and that such delay was in the reasonable control of the movant, resulted in a finding that "cause" had not been demonstrated under Section 503(a). *Id*. at 858-60.

Similarly in this case, the prejudice to Debtor and namely other administrative claimants outweighs the prejudice to Dependable. Dependable has not demonstrated a good reason for the delay, or the cause for such. As soon as the Chapter 11 case was filed on September 18, 2012, Dependable was aware of its potential for an administrative expense claim under Section 503(b)(9),

8

but chose not to file the appropriate separate motion as is required under Section 503(a) and (b), until June 15, 2016, long after the 90 days following the first date set for the meeting of creditors was held on October 24, 2012, as well as long after the 90 days following the March 21, 2013, first meeting of creditors in the converted Chapter 7 case.

Also, the lack of proof of delivery of goods, coupled with the passage of time severely impacts the Trustee's ability to confirm receipt of the goods, and leads the Court to conclude that significant and irreversible prejudice exists to the Trustee, all of which causes the Court to deny Dependable's request for relief.

Conclusion

The Court denies Dependable's Motion for Allowance of an Administrative Expense and sustains the Chapter 7 Trustee's Objection to Claim No. 176 of Dependable. Counsel for the Chapter 7 Trustee is directed to prepare an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on August 19, 2016**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**